**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1221**

_____

JAMES A. KODAK,

                Plaintiff - Appellant,

        v.

ERIC H. HOLDER, JR., in his official capacity as Attorney
General of the United States, and his employees, agents and
successors in office,

                Defendant – Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:08-cv-02527-WMN)

_____

Submitted:  August 10, 2009          Decided:  August 26, 2009

_____

Before KING, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James A. Kodak, Appellant Pro Se.  Larry David Adams, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James A. Kodak appeals the district court's dismissal of his First Amended Complaint against the U.S. Attorney General seeking an injunction to prevent the enforcement of the federal ban on armor-piercing ammunition, 18 U.S.C. § 922(a)(7), (8) (2006), and a declaratory judgment that the ban is unconstitutional. Finding no error, we affirm.

In his informal brief, Kodak argues that the federal ban on armor-piercing ammunition violates the Second Amendment because "[i]t strikes at the very core of what the right to keep and bear arms is all about; the necessity to provide for an effective citizens' militia." Kodak contends that banning armor-piercing ammunition essentially renders a militia and its weapons useless because the enemy will be wearing armor. Kodak also contends that armor-piercing ammunition minimizes the risk of death when used for self-defense.

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In District of Columbia v. Heller, 128 S. Ct. 2783, 2797 (2008), the Supreme Court held that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." However, that right is not unlimited. Id. at 2816. The Heller Court

2

clarified that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes" and that "the sorts of weapons protected were those in common use at the time" the Amendment was ratified. Id. at 2815-17 (internal quotation marks and citation omitted). Further, the Heller Court acknowledged that:

> It may be objected that if weapons that are most useful in military service-M-16 rifles and the like-may be banned, then the Second Amendment right is completely detached from the prefatory clause. But as we have said, the conception of the militia at the time of the Second Amendment's ratification was the body of all citizens capable of military service, who would bring the sorts of lawful weapons that they possessed at home to militia duty. It may well be true today that a militia, to be as effective as militias in the 18th century, would require sophisticated arms that are highly unusual in society at large. Indeed, it may be true that no amount of small arms could be useful against modern-day bombers and tanks. But the fact that modern developments have limited the degree of fit between the prefatory clause and the protected right cannot change our interpretation of the right.

Id. We find that this analysis forecloses Kodak's argument that armor-piercing ammunition is necessary for an effective present-day militia.

Additionally, the district court took judicial notice that "armor-piercing ammunition is not in common use by law-abiding citizens for lawful purposes," noting that it "has no application for hunters" and "is frequently referred to as 'cop-killer bullets.'" Kodak argues that the proper question should

3

be whether armor-piercing ammunition would be common in the absence of the federal ban. Even if possession of armor-piercing ammunition would be more common were it not banned, it does not necessarily follow that it would be commonly used by law-abiding citizens for lawful purposes, considering the great risk such ammunition poses to law enforcement officers. Therefore, we conclude that the federal ban on armor-piercing ammunition, pursuant to 18 U.S.C. § 922(a)(7), (8), does not violate the Second Amendment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4